First case on our docket this morning is 21-40084, United States v. Diaz De Leon. Ms. Million? May it please the court, Ms. Million on behalf of Mr. Diaz De Leon, there are a number of issues in this case, on my understanding two of the issues are disputed, however before getting into detail on those I want to re-raise Mr. Diaz De Leon's request for an expanded certificate of appealability that covers his travel act violation, that is currently denied by the motions panel but merits panels of this court have the authority and in fact there's case law in this court to suggest that they have an obligation to evaluate certificate of appealability threshold determinations when deciding habeas cases. As explained in Mr. Diaz De Leon's motion for an expanded certificate of appealability, his travel act conviction presents an identical issue to his 924C conviction, particularly the first issue in this case, which is whether attempted murder is a crime of violence under the elements clause, Mr. Diaz De Leon's failure to ask for a certificate of appealability that covered that issue is the obvious oversight of a pro se petitioner, he's asked for relief on the travel act violation at many stages in this litigation up until the certificate of appealability stage and he again raised concerns about his travel act violation in his briefing before this court. So I welcome questions on that issue or I can proceed to the merits. So the first issue in this case is whether attempted murder is a crime of violence under the elements clause, it's our position that it is not. This court's initial decision in Smith. Can you create a circuit split with six other circuits if we agreed with you on that point? I don't think this will create a circuit split because no court has yet passed on the particular predicated issue here, which is either attempted federal murder or attempted Texas murder, but I agree there's certainly overlap in the reasoning of this. So we would create a circuit split? I don't necessarily think we would create a circuit split. Okay. Well, what is the difference between these attempted murders and the ones in the six circuits that Judge Duncan just mentioned? So I think, I mean, in particular different statutes are at issue, but I do think those circuits get the reading of Taylor wrong and in particular it's just not. What I'm saying is, I know they're different statutes, but a statute in Texas can read exactly the same as a statute in Oklahoma. There's no law against that. So what is the difference in the statute? If they're the same statute, then the case is basically the same, even if it's a different state's statute. So I think there's some indication, for example, the Second Circuit's opinion that perhaps an attempt in New York is construed more narrowly than a typical substantial step test. But I do think the heart of the issue and our position is that those cases are wrongly decided because they misinterpret Taylor. Yeah. I mean, okay. So I guess I just want us to be plain what we're talking about here. You're saying that Taylor, Supreme Court, which is a Hobbs Act case, means that we ought to say that attempted murder is also not a crime of violence, right? Other circuits, however, six or so, have disagreed with that interpretation and you're asking us to do something different? Yes. That's okay. You can do that. We just need to know what you're asking us to do. Yes. So I certainly think that this Court should read Taylor differently than the six other circuits have, in particular its discussion of how to proceed through the categorical approach and the focus on the elements of the particular offense. In the case of attempt, that's intent in a substantial step. Our position here is that attempted murder requires the same sort of substantial step that an attempted Hobbs Act robbery offense would require, and that to rule and to adopt the government's reasoning would be to do exactly what Taylor says this Court cannot do, which is rewrite what the Elements Clause says, and instead of looking at whether an attempted use or threatened use of force, instead rewrite that statute to say something along the lines of an offense that has one of those things as an element or an attempt to commit that offense. And that's, of course, not what the Elements Clause says. Okay. On the other just – Is this – in this case, I mean, isn't there a pathway to decision where we don't even reach that issue? I mean, I guess we'd have to disagree with you on another issue, but if his 924C conviction was predicated on a drug trafficking crime, would we – if we found that, we wouldn't have to reach the Taylor issue, right? That's correct if this Court doesn't expand the COAS to the Travel Act. If it does expand the COAS to the Travel Act, of course, this Court has to reach that question. I see. Okay. But, of course, it's our position that Mr. D. S. de Leon did not plead to a drug trafficking crime predicate. He did not plead to the conspiracy asset 924C predicate that was charged in the indictment. His plea agreement drops that, and – So, he pled – well, count 24, that it does reference drug conspiracy, right? As charged in the indictment, it does, but not as he pled to it in the plea agreement. The plea agreement specifically mentions exclusively the Travel Act violation and describes it as a crime of violence. That's the agreement he pled pursuant to, and the judgment of conviction – Crime of violence and furtherance of a drug trafficking crime, right? Yes, but we – so, there's sort of two separate – the government has two separate arguments about why Mr. D. S. de Leon's 924C conviction can be sustained. The first is that it's a factual matter. He pled to the conspiracy count charged in count 1 as a 924C predicate, and we disagree with that factually. That's set out in detail in the briefing. And then we also disagree with the idea that the Travel Act conviction that was always described in every document in this case as a crime of violence predicate can be reconstrued to be a drug trafficking crime predicate. We have several different arguments for that. One, of course, if we went on the Taylor issue, there is no Travel Act predicate to rely on. Secondly, again, it was never charged as a drug trafficking crime predicate. Third, if you look at the text of the – To be clear here, what's going on is he was part of the cartel, he was arranging for hitmen to travel to the United States to kill people. I mean, that's absolutely not the factual basis that he pled to. He was aware of these intents, but it was not that he organized people to carry out these issues, that he helps with hotel rooms. He was aware – He helped with hotel rooms for what? I mean, he was aware that the ultimate end of people who were not people he knew or personally recruited was to come in and apparently carry out a hit for the cartel. But I think it's important to recognize that there's specific statutory language that we're interpreting here. The specific text of the drug trafficking crime predicate talks about an offense punishable under the Controlled Substances Act, and it lists several – the Controlled Substances Import and Export Act and one other statute. A Travel Act conviction is punishable under the Travel Act. No court that I'm aware of has adopted some sort of a categorical approach for the way we understand the language in the drug trafficking crime predicate of 924C. And I think based on that simple textualist argument alone, even if you were to accept the argument that you could recategorize after the fact Mr. Diaz de Leon's Travel Act conviction as a drug trafficking crime predicate as sort of a theoretical matter in terms of rewriting the judgment of conviction, you cannot here because a Travel Act simply doesn't – conviction simply doesn't meet what the text of the drug trafficking crime predicate requires. And then I have a fourth argument on that point that's set out in the brief, which is that even if you were to accept what I think the government is arguing for, which is a categorical approach, the Travel Act does not categorically match up with 924C. Because 924C actually requires someone to have been convicted of the elements underlying the drug trafficking crime offense. There's case law that supports that. That's what the circuit's jury instructions require, but it's simply not true of the Travel Act. There's lots of law in this circuit that a jury does not need to find that the defendant committed the unlawful activity or even that it in fact happened, which means that a conviction under the Travel Act is broader than a conviction under the drug trafficking crime statute that the government uses Myers v. Sessions, which is a Ninth Circuit case, for the idea that you can look to the underlying unlawful activity. But if you actually read the text of that decision, it engages in an extensive discussion about what the Fifth Circuit's rules are in Travel Act cases, and it makes clear that as a general matter, a jury does not actually need to find that a specific state law was violated. And while perhaps you can distinguish a Travel Act conviction predicated on arson from one predicated on drugs generally, it does not require the jury to find a specific violation of, for example, an offense under the Controlled Substances Act, which is absolutely required for a 924C conviction. In cases that support the idea that you need to prove the elements of the 924C conviction, they're cited in our brief, the government cites the Seventh Circuit's decision in Haines, which has specific language saying a 924C conviction requires you to prove all the elements of the underlying offense. What's your best argument that attempted murder is attempted robbery? Because you're saying that under Taylor that, you know, we're well aware of what Taylor says, but it's not addressing attempted murder. So why are the two the same? So what, it's true that the Taylor decision is about attempted Hobbs Act robbery, but what it's really about is the crime of attempt. And how do we understand the two elements that make up an attempt crime? Intent, which the court says is just intent, it is not the use, attempted use or threatened use of force, and a substantial step, which it also makes clear the type of actions that undergird a substantial step, the type of planning and arriving at the location are not actions that add up to the attempted use of force. And that's precisely true for attempted murder as well. You can be convicted of attempted murder as Mr. Diaz de Leon was here, based on actions that fall far short of the hypothetical offered by the majority opinion in Taylor, where someone was actually arriving at the threshold of the location they intended to rob. Whereas here people are arrested in a hotel room before they had identified specific victims, secured a getaway driver, gotten the ammunition they needed. Well, where have all the other circuits gone wrong? I think they've gone wrong in several ways. First, I think that their analysis operates at too high a level. Instead of actually looking at the type of facts that a substantial step requires, they instead stop at the level of saying, attempted Hobbs Act robbery is about an attempt to threaten. That's all this Taylor decision is about. And they sweep aside the rest of the court's reasoning, including in particular, its discussion of how we really need to look at the text and the language of the elements clause and cannot rewrite it to say an attempted use of force is the same thing as an attempt to commit an offense that would have one of those elements. The elements clause has to have as an element the use of, what is it again? It needs to be an offense that has as an element the use, attempted use or threatened use of force. And there's discussion in the Taylor opinion about how that is not the same as an attempt to commit a crime that the substantive, an attempt to commit an offense that itself includes as an element the use of force. Okay. Thank you. I see my time's almost up, so I'll save the remainder for rebuttal. Thank you. May it please the court, Amy Alanis for the government. As an initial housekeeping matter, we remain opposed to her motion to expand the COA. I'd like to talk about the attempted murder issue first. The defendant wants his court to read Taylor too broadly. In his view, Taylor says that all crimes of violence under the elements force, and that's simply not what it says. The problem in Taylor was with attempted Hobbs Act robbery, which they held could be committed by an attempt to threaten. And, you know, threatened force is one of the elements under Hobbs Act robbery. So the holding is really limited to that narrow issue. To attempt to threaten. I don't even understand that. I'm sorry? What does it mean to attempt to threaten? To attempt? To threaten something? I don't, I'm not really sure. They gave the... Do you mind doing it right now? I think it changes from moment to moment in some weeks. But the hypo that I think it was Judge Gorsuch gave in Taylor was, okay, a guy plans the Hobbs Act robbery. He even writes that as a little threatening note. But unbeknownst to him, his friend rats him out, and police are waiting for him before he ever goes in the shop. You never deliver the note. The threat has to be communicated. Yes. Don't get around to delivering the threat. Exactly. The threat has to be communicated. And with attempted Hobbs Act robbery, it is possible that that does not happen. Okay. And so how is attempted murder different in your view? I'm sorry? How is attempted murder different in your view? Murder is different or attempted murder is different because murder cannot be committed by threat alone. That's not in any of these murder statutes. You have to, for attempted murder, you have to intend that the death occur. And you have to take this substantial step that takes you at least part of the way there. There is no possibility of an uncommunicated threat. So that's why attempted murder is different. And we now have five of the circuits that have distinguished Taylor in this matter when it comes to attempted murder. And we are asking this court to take that approach and find that his attempted murder predicate here does satisfy the elements clause. Well, suppose we wanted to agree with you, we were concerned that, I'm just hypothetically, this is just me, we're concerned that the Supreme Court might smack us down and say, you know what, we really did mean that in Taylor. You know, we're reverse and remand. Is there a belt and suspenders approach here that we could use to find that in fact, in the alternative, he pled guilty to a crime that's predicated on drug trafficking? Yes, Your Honor, that's our alternative argument. His 924C is predicated, clearly predicated on COMP 24, which is the ITAR, which is interstate or foreign travel in aid of a racketeering enterprise. You can't commit ITAR without doing something in aid of the racketeering enterprise. Here, throughout, it was conditioned on the unlawful activity is what the statute says. This case was charged throughout as the unlawful activity being a business involving a controlled substance, which is also in the definitions for 1952. And that has always been the drug trafficking, the extensive drug trafficking laid out in COMP 1. It's a weird statute because it's, you know, you've almost got a double predicate there. You've got to do your crime of violence the way it was charged here. It was crime of violence in aid of racketeering. And so you've got your crime of violence and you've also got to be basically doing it in furtherance of the drug trafficking business. And so that is our, that's our alternative argument. There is a case out of the Ninth Circuit called Myers and Sessions and one from the Seventh Circuit called Haynes. They're, they're not a perfect fit for this case, but I think they, it's fair to say those cases stand for whatever your unlawful activity is under ITAR is an element of the offense. And the government has to prove that too. But what about the argument that it is different from actually charging someone with drug trafficking, that you don't have to show all of the stuff that you have to show there, so it's not really the same thing. What's your answer to that argument? My answer is that ITAR is a complicated statute and you can't do it without aiding the racketeering enterprise. It's almost like an aiding and abetting theory, but it's incorporated in the statute. But you can't do ITAR without doing, doing whatever you're charged with doing in aid of the racketeering, which happens to be this vast drug trafficking conspiracy here. We're talking about, what are the cartels? This was the Gulf Cartel and their enforcement arm, Bill Stetson. They're all about drug trafficking? I think we have some cases on that. Yes. At that time, they certainly were. That was their main business. Have they branched out? What do they do now? Oh, they do everything that crosses the border. They're actually very big into alien smuggling. Alien smuggling. Just very lucrative and carries much less penalty. Okay. Yeah, but, so I understand that the bucket is the drug trafficking people that are wanting, they're committing murder to further their drug trafficking. I get that. But the argument that your opponent is making is this particular situation doesn't require all of the elements that are regular charge under drug trafficking that he did not plead guilty to and was not therefore found guilty. My understanding was count one isn't part of this. So, I mean, the notion of drugs is not the only thing in the statute when you're actually prosecuting for that. If you had gone to trial on count one, right? True. Okay. So what's wrong with your opponent's argument? Well, I think, again, I think she's just ignoring that you have to have a racketeering for an ITAR conviction. And that is what the racketeering was here. You know, in a lot of the classic ITAR cases that were against some of the mafia groups, you know, the underlying offense would be something like extortion or illegal gambling. You know, here it's clear it's the drug trafficking. And so you can't have ITAR without having racketeering. And he clearly, if you look at his, you know, his plea, Judge Alvarez asked him repeatedly, and all of this was done in furtherance of the cartel's drug trafficking business. Yes, it was. Yes. He agreed to that. And just one additional note on the attempted murder in Taylor. I think the Ninth Circuit in Dorsey really had a great summary of why Taylor does not apply to attempted murder cases. And they pointed out that in Taylor, the problem was a mismatch between 924c's elements clause and attempted Hobbs Act robbery. And again, it gets back to that idea that Hobbs Act robbery attempted could be committed without ever even communicating a threat. And that's simply not true for murder cases. You cannot murder someone simply by threat. There has to be use of force. But for attempted murder, could you not show that someone had written up, hey, I'm going to murder you, and that then before that got mailed out, they were caught? I think a mere threat is not attempted murder. It might be some other crime, but it's not going to be. You're talking about a mere threat that doesn't get. Well, I was using the example of the writing a letter, which I don't know if everybody in the audience knows what writing a letter is these days. Send an email. Send an email. Yeah, but sending an email would happen. Writing a letter, you actually have to put in an envelope and mail out. And so that could delay. That's what we're talking about. Fortunately and unfortunately, emails aren't always delayed. But anyway, so in that situation, somebody sitting around and I'm going to write them a letter and tell them I'm going to murder them. And they write the letter, but they don't send it out. You're saying that is not? I don't think that would be attempted murder. I don't think that's a substantial step. You know, you can write all that. But it is attempted robbery. If you wrote, I'm going to come and rob you. Or please, dear friend, please help me go rob Mr. X. Well, that might be. I mean, I'm just trying to understand this thing about the letter, so maybe I'm not. Well, I think the letter in Taylor, that was going to be the threat. He was going to walk in and hand her in the hypothetical. That's not what happened. In Taylor, they robbed a potential drug seller, I think, and killed him. But in the hypothetical that Judge Gorsuch used, they said, you know, you could do all these things and plan it. You could even write out your little notes, your money, your life. But if you get stopped before you go in whatever, you're robbing the bank. You know, that is at most an attempted threat. It is an uncommunicated threat. But in your question, I don't think threats matter in murder cases. You know, that same guy, he could write 10 letters to 10 people and say, I'm going to murder you. And if he doesn't do anything else, it may be a communicated threat, but it's not attempted murder. What I would say is that an attempt to commit murder involves the intent, I want to kill that person. I'm going to take a substantial threat. I'm sorry, a substantial step towards killing that person. Correct. It's hard to imagine writing a letter would be a substantial threat. Exactly. It's a substantial step towards committing the murder, whereas you can commit Hobbs Act robbery by threat, robbery by threat, right? And in that case, Taylor, you were talking about an attempt to threaten someone. Exactly. And I guess they were doing that because it's a categorical approach. And so therefore, you have to spin off into flights of fancy instead of actually looking at the facts in front of your face that everybody knows. But we have to do that because our superiors tell us to? Yes. Through the looking glass. I'm happy to do that, just for the record. So I've really, I think, covered my main points here. Unless there are any more questions, I will give my time back. Thank you. One last thing. We asked this court to we would ask that you remand to the district court for further proceedings. Thank you. What is the standard of review specifically on whether we allow or we consider the Travel Act added to the Certificate of Appealability? I'm sorry, Judge, I am having What is the standard of review specifically on whether we add the Travel Act to the Certificate of Appealability? Whether we expand it? Yes. Your opponent asked us to expand the COA to count 24. What is your argument on the law of that? I think the argument, my argument would be the law is pretty clear. You get one shot at that, and you're free to ask the court whatever you want. He did not. And I have to say, this guy had some of the, he had a really good writ writer throughout all this. He really did everything right procedurally. You know, he's been arguing this since Jamiah. He knew that we have no discretion. Is that what your position is? I'm sorry? I just want to know what you say the standard of review is. You say we have no discretion. You're not arguing that. No, I'm not arguing that, but you've already denied it twice. I know, I'm just saying. That was correct. I'm not sure. I'm happy to supplement. That's all right. We can look it up. Okay. Thank you, Judge. I hear you address it. Thank you. So, a couple of responses to what came up during the government's argument. I think what, part of what Taylor is doing in discussing the substantial step is discussing the particular actions it takes to arise to an attempt to use force. There was a hypothetical about a letter that was discussed and how maybe that wouldn't be a substantial step towards murder, but all of the other facts discussed in Taylor about actually showing up at the location and things like that are things that I think would undoubtedly be considered a substantial step towards murder, but the court held were not enough to constitute an attempt to use force. I also think there was a fair bit of focus. So, getting closer to the analogy in Taylor, then you're saying if you wrote a letter that you were going to take with you to this person that you want to murder and you're going to hand them the letter, here I am, I'm going to murder you, then that is attempted murder, but not substantial? That is attempted murder and might well be a substantial step under the elements of attempt. I'm sorry. It's not a crime of violence. It's not an attempt to use force. Correct. Okay. So, it's substantial. I'm still a little confused. What about if you're writing the letter to a friend to help you with the murder? So, the law on what constitutes a substantial step, like the model penal code on which a lot of our attempt law today is based, has discussions of things that might constitute a substantial step. One of them is recruiting an innocent person to be a participant. You're saying that is not sufficient to get to the crime of violence, to get to the violence requirements. But, I mean, what about murdering somebody by something that kills them without you even touching them? You know, some sort of pill or something in their drink. That is still considered murder and is still considered violent, but you're not even touching them, you're not shooting them, you're not hitting them. I would agree with that after this Court's decision in Reyes-Contreras. We don't dispute that. As a general matter, the type of force required to murder itself is a crime of violence in this case. It's about the attempt defense and what an attempt defense requires. I would also note that in discussing the hypothetical set out in Taylor by Justice Gorsuch, there was mention of the note not being delivered and stuff. I think that really is about the government's argument that the Court will discuss subsequently in the opinion about how a threat does not mean something in the air and a danger, but instead is in fact a communicated threat. I also think if you look at the paragraph prior in Taylor, it discusses intent and how intent is just intent. It is not an attempt to use force. And so I think the focus on what someone held in their private mind is simply not the way to think about the type of actions that are necessary. Well, of course, your mind isn't enough to be prosecuted, I hope. You have to actually take the mind somewhere in any of these crimes that we've been talking about. I mean, so somebody just thinking they would like to murder someone, I mean, even if, I don't know, Chad GPT can read your mind, that wouldn't be enough. There would need to be more. That's right. Right. Okay. And the more is what we're talking about, that I respectfully think is a bit complicated here. I also want to just address the issue raised that following this decision, no attempt offense would ever be a crime of violence. And I don't think that's true. This Court just reaffirmed following Taylor that an attempted bank robbery is still a crime of violence. I think that case was correctly decided. The attempt in that offense goes to whether you actually, if you arrive at the bank, do you get to walk away with the money? You can show up, point the gun, and say, give me your money. And they can say, no, thank you. And if you walk away and leave, you are still guilty of attempted bank robbery, but you have to have used force. It actually requires a communicated threat or a use of force as an element of... Attempted murder does not. Attempted murder does not. All the arguments you're making with respect to attempted murder, one could not make it with respect to attempted bank robbery? No, because... To do that plus a substantial step towards doing it. So what attempted... Elements of attempted bank robbery include the use of force or threatened use of force. You cannot... The attempt element goes only towards whether you successfully stole property from the bank. So that is a classic example of an attempt offense that would still qualify under the elements clause. Okay. Thank you, Kent. We have your argument. Thank you. We ask that the decision blow be reversed.